# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAMES FERGUSON,

   Plaintiff(s),

v.

WAL-MART STORES, INC., et al.,

   Defendant(s).

2:13-CV-517 JCM (GWF)

**ORDER**

  Presently before the court is defendant Moorfield Construction, Inc.'s ("Moorfield") motion to dismiss. (Doc. # 19). Plaintiffs James Ferguson and the estate of Roselyn Ferguson filed a response in opposition (doc. # 29), and Moorfield filed a reply (doc. # 31).

**I. Background**

  This case centers upon allegations that defendants negligently maintained a particular curb outside the Wal Mart store located at 6310 W. Charleston Boulevard in Las Vegas, Nevada. On February 3, 2012, Roselyn Ferguson ("decedent") drove her electric wheelchair over that curb and sustained severe injuries. Plaintiffs allege that these injuries caused her death on March 21, 2012.

**II. Legal Standard**

  A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual

**James C. Mahan**
**U.S. District Judge**

1  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements
2  of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

3        "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S.
4  at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to
5  "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

6        In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when
7  considering motions to dismiss. First, the court must accept as true all well-pled factual allegations
8  in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950.
9  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not
10 suffice. *Id.* at 1949.

11       Second, the court must consider whether the factual allegations in the complaint allege a
12 plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint
13 alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the
14 alleged misconduct. *Id.* at 1949.

15       Where the complaint does not permit the court to infer more than the mere possibility of
16 misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.*
17 (internal quotations omitted). When the allegations in a complaint have not crossed the line from
18 conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

19       The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,
20 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,
21 allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,
22 but must contain sufficient allegations of underlying facts to give fair notice and to enable the
23 opposing party to defend itself effectively. Second, the factual allegations that are taken as true must
24 plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
25 be subjected to the expense of discovery and continued litigation." *Id.*

26 . . .

27 . . .

28

**III.    Analysis**

In the instant motion, Moorfield argues that plaintiffs' complaint should be dismissed on two separate grounds. First, it argues that the complaint is insufficient because its caption indicates that this case is pending in "District Court Clark County, Nevada" and because it lacks a statement of federal jurisdiction. Second, Moorfield argues that the allegations in the complaint are not specific enough to satisfy the pleading standards under Federal Rule of Civil Procedure 12(b)(6).

As to the first argument, Moorfield cites to no authority that indicates a complaint can be dismissed because an incorrect court is named in its caption. Indeed, the inaccuracy is entirely understandable, as this case was originally filed in state court and was subsequently removed to this court by defendant Wal Mart. (Doc. # 1). Such a minor miscue alone does warrant dismissal of the entire complaint.

Moorfield also argues that the complaint should be dismissed because it does not contain a statement of federal jurisdiction. However, the court required that defendant Wal Mart file a statement detailing the basis for federal jurisdiction after the case was removed from state court. (Doc. # 4). Wal Mart filed a statement citing this court's diversity jurisdiction pursuant to 28 U.S.C. sections 1332 and 1441 as the basis for removal. (Doc. # 5). Accordingly, because the jurisdictional statement in this matter has been provided by the defendant that initiated the removal from state court, and Moorfield presents no reason for the court to doubt that it maintains jurisdiction, Moorfield's contention does not put forward a legitimate basis for dismissal.

Finally, while plaintiffs' complaint is not a dazzling example of detail, it sufficiently puts Moorfield on notice as to the character of the claims against it. The complaint provides a clear narrative of the events leading to decedent's injuries and alleges that the negligent placement, design, maintenance of the curb as well as defendants' failures to place warnings were a proximate cause of those injuries. (Doc. # 14 p. 3). Thus, the court finds that plaintiffs' complaint puts forward plausible claims for relief.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED defendant Moorfield Construction, Inc.'s motion to dismiss (doc. # 19) be, and at the same time hereby is, DENIED.

DATED April 1, 2014.

*[signature]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -