# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES FERGUSON,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>WAL-MART STORES, INC., et al.,<br><br>　　　　Defendant(s). | 2:13-CV-517 JCM (GWF) |

**ORDER**

Presently before the court is the third-party defendant, Concrete Systems, LLC's, (hereinafter "Concrete Systems") motion to dismiss the first, second, and third claims, (doc. # 67), contained in Moorefield Construction, Inc's (hereinafter "Moorefield") amended third-party complaint, (doc. # 65).

**I.    Background**

On February 21, 2013, James Ferguson and the estate of the decedent, Roselyn Ferguson, (hereinafter "plaintiffs") commenced an action against Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"). Mr. Ferguson alleges that his wife, Roselyn Ferguson, due to Wal-Mart's negligence, was violently thrown from her motorized wheelchair after driving over an unmarked curb. (Doc. # 63). The complaint alleges that the injuries Ms. Ferguson sustained in that incident caused her death on March 12, 2012.

After the plaintiffs filed the instant action, Wal-Mart impleaded the general contractor, Moorefield, who in turn impleaded the subcontractor, Concrete Systems, as a third-party defendant.

**James C. Mahan**
**U.S. District Judge**

1  (Doc. # 65). Moorefield alleges that Concrete Systems is responsible for the "design, development,
2  repair, and/or construction" of the curb, and thereby is liable for Ferguson's damages. *Id.*

3  **II.   Legal Standard**

4  "The decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to
5  the sound discretion of the trial court." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452
6  (9th Cir. 1983). The purpose of rule 14 is "to facilitate, not to preclude, the trial of multiple claims
7  which otherwise would be triable only in separate proceedings." *United States Specialty Ins. Co. v.*
8  *Carvelho*, 2:12-CV-1688-APG-GWF, 2013 WL 6198832 *5 (D. Nev. Nov. 26, 2013) (quoting
9  *United States v. Yellow Cab Co.*, 340 U.S. 543, 556 (1951)). Furthermore, rule 14(a) provides for
10 service of a third-party complaint "upon a person not a party to the action who is or may be liable
11 to [the original defendant] for all or part of the plaintiff's claim." Fed. R. Civ. P. 14(a).

12 The Ninth Circuit has held that the "crucial characteristic of a rule 14 claim is that defendant
13 is attempting to transfer to the third-party defendant the liability asserted against him by the original
14 plaintiff." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988). Therefore, to assert
15 a third-party claim, the third party's liability must be dependent on the outcome of the main claim
16 and that liability must be secondary or derivative. *One 1977 Mercedes Benz*, 708 F.2d at 452. It is
17 insufficient that the claim is related; the claim must be derivatively based on the original the
18 plaintiff's claim. *Id.*; *see also Stewart*, 845 F.2d at 200 ("[The claim] cannot simply be an
19 independent or related claim but must be based upon plaintiff's claim against defendant . . . [and]
20 [t]he mere fact that the alleged third-party claim arises from the same transaction or set of facts as
21 the original claim is not enough.").

22 **III.   Discussion**

23 In the instant case, Concrete Systems moves to dismiss claims of negligence, breach of
24 contract, and breach of express and implied warranties, asserting that Moorefield is seeking
25 "affirmative redress" rather than derivative liability. (Doc. # 67). Moorefield's first claim,
26 negligence, and third claim, breach of express and implied warranties, explicitly seek relief for the
27 damages sought in the Ferguson complaint as well as attorney's fees incurred in litigating the current
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 action. (Doc. # 65) (first claim for relief asserting, "damages sustained by Ferguson, if any, were proximately caused by Concrete Systems, and that Concrete Systems is liable for the damages sought in the Ferguson [c]omplaint"; third claim for relief stating, "Moorefield alleges it will suffer damages in a sum equal to any sums paid by way of settlement, or in the alternative, judgement rendered . . . on the allegations contained in the Ferguson [c]omplaint").

Moorefield's second claim, for breach of contract, is not as clear. However, the amended third-party complaint does not suggest that Moorefield is seeking damages beyond those sought by the plaintiffs. Therefore in construing the claim in a light most favorable to the non-moving party, the court interprets this claim as seeking "damage[s] in a sum which is currently unascertainable," but equal to the damages incurred by the plaintiffs which were a "direct and proximate result of Concrete Systems' breach of contract." *Id.*

## IV.    Conclusion

The amended third-party complaint adequately supports claims for negligence, breach of contract, and breach of express or implied warranties which would hold Concrete Systems completely or partially liable for the plaintiffs' damages. These claims are based entirely upon the plaintiffs' claims against Wal-Mart. Therefore claims one, two, and three are properly joined under rule 14.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the third-party defendant's motion to dismiss (doc. # 67) be, and the same hereby is, DENIED.

DATED July 25, 2014.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -